IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JAMES MITCHELL, <br><br> Petitioner, <br><br> v. <br><br> TIMOTHY C. WARD, Commissioner, Georgia Department of Corrections, <br><br> Respondent. | CIVIL ACTION NO.: 4:21-cv-227 |

**O R D E R**

After a careful and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's August 26, 2022 Report and Recommendation, to which Petitioner filed objections, (docs. 31-33). In his objections, Petitioner alleges the "state violated the duty to preserve evidence" when Keith Dennis, an investigator and trial witness, removed DVD interviews from Petitioner's case file. (See doc. 32, pp. 4-6). Petitioner claims Dennis's actions "hinder[ed] Petitioner from presenting any and all issues to the Courts throughout the years . . . . without DVDs, [the] State deprived Petitioner a chance to obtain necessary evidence to support his claims since 2010." (Id. at 4).

To the extent Petitioner is arguing for equitable tolling, he does not qualify. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Equitable tolling is typically applied sparingly,

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Petitioner has not explained how being unable to access the DVDs stood in his way and prevented him from timely filing his federal habeas petition. He only states, "[T]he DVD interviews was [sic] the original documents of all witnesses," and gives the Court little information on the specific relevance of the interviews to his grounds for habeas relief. (Doc. 32, p. 4). In fact, Petitioner filed his first state habeas petition only months after the Georgia Supreme Court affirmed his conviction, for which most of Respondent's exhibits were initially prepared. At his first state habeas hearing, Petitioner made similar allegations as in his federal petition, including the Brady violation regarding Isaac Fitzgerald's testimony. (See doc. 1; doc. 21-8, pp. 13-25). His efforts do not appear hindered by the allegedly missing DVDs. Regardless, Petitioner's objections give no detail of his efforts to diligently pursue habeas relief during the 561 days that passed before he filed his second state habeas petition in March 2015. It was during that period the AEDPA statute of limitations ran. His lack of diligence is especially inexcusable as he had already obtained the evidence necessary to pursue the Brady violation as early as 2014, when state courts held evidentiary hearings for Petitioner and co-defendant Jarnard Williams on the Brady violation. (Doc. 21-8, p. 1; doc. 21-9, p. 1). In sum, Petitioner has neither shown diligence nor that his facts, as alleged, constitute extraordinary circumstances warranting equitable tolling. His petition is subject to dismissal as untimely.

Accordingly, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** the Report and Recommendation, (doc. 29), as the opinion of the Court, **GRANTS** Respondent's motion to dismiss, (doc. 10), and **DISMISSES** Petitioner's 28 U.S.C. § 2254 petition as untimely. Petitioner is also not entitled to a Certificate of Appealability, rendering moot any request for *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court **ENTER** a final judgment in favor of Respondent and to **CLOSE** this case.

**SO ORDERED**, this 20th day of September, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA